**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1705-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIUS BECKETT, a/k/a
S. SCOOP and DANK BECKETT,

    Defendant-Appellant.

_____

Submitted January 30, 2024 – Decided March 13, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 19-04-0535.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darius Beckett appeals from the Law Division's December 6, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record and defendant's arguments in light of the applicable law, we affirm.

I.

On August 12, 2018, officers were dispatched to a residence in Columbus on report of an unresponsive male, whom they found in his bedroom with a hypodermic needle near his body. The victim's cause of death was determined to be fentanyl toxicity and the manner accidental.

During the investigation, defendant admitted to detectives he sold his co-defendant, Zachary Richardson, eight bags of heroin for forty dollars the day before the victim died. Richardson then provided the victim heroin, which caused his death.

After defendant was served with the complaint-warrant charging him with strict liability drug-induced death, defendant threatened Richardson's life by stating, "When I get out of jail I'm going to kill that mother f*****."

A Burlington County grand jury indicted defendant on charges of first-degree strict liability for a drug-induced death, N.J.S.A. 2C:35-9(a); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), :35-

5(b)(3); third-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1), :35-5(b)(3); third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); and third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

On July 30, 2019, defendant pleaded guilty to first-degree strict liability for a drug-induced death and third-degree terroristic threats. Based on defendant's sworn testimony, the judge found defendant understood his rights and the nature of the charges against him, was entering into the agreement knowingly and voluntarily, and was satisfied with counsel's representation of him. The judge found an adequate factual basis to support the plea and accepted the guilty plea. In exchange for his guilty plea, the State agreed to recommend defendant be sentenced to an eight-year term of imprisonment, which was in the second-degree range, for the drug-induced death, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.; and to a three-year term for the terroristic threats, to run concurrently.

On September 20, 2019, the court conducted the sentencing hearing. Pursuant to N.J.S.A. 2C:44-1(a), the State requested the court find aggravating factors three (the risk that the defendant will commit another offense) and nine (the need for deterring the defendant and others from violating the law).

A-1705-22

Defendant did not ask the court to find any mitigating factors and requested to be sentenced in accordance with the plea agreement.

The judge found aggravating factor three because defendant had two prior disorderly persons convictions, and gave that factor moderate weight because defendant

> was under the influence of a substance at the time of the offense, so until activity which creates the need to have pending matters, which is ongoing criminal or disorderly activity and substance abuse, is addressed and together with his history, there is a risk that [defendant] could commit another offense.

The judge also found aggravating factor nine and gave it heavy weight because

> there is also a need to deter the general public; . . . the [c]ourt takes notice that there is . . . an epidemic in this country of use and abuse and . . . overdoses. And the general public needs to be aware that activity in that area can lead to state prison. And there's a specific need to deter [defendant]. He has been sentenced in the past to fines in the municipal court as well as New Jersey state prison for one Superior Court matter from 2015 involving distribution within 500 feet of a public property. Those penalties did not deter him from this conduct.

The judge found the aggravating factors outweighed the non-existent mitigating factors and sentenced defendant in accordance with the plea agreement; however, he did not explain reasons for sentencing defendant in the

second-degree range for the first-degree offense. Although the plea agreement did not address restitution, the judge imposed restitution based on the victim's parents' request for reimbursement of funeral costs.

Defendant appealed his sentence, which was placed on the excessive sentencing calendar pursuant to Rule 2:9-11. During oral argument, defendant sought a remand for an ability to pay hearing and allocation of the restitution amount between the defendants, and for the court to explain its reasons for the disparate sentence pursuant to State v. Roach, 146 N.J. 208, 220 (1996).

On September 23, 2020, we remanded defendant's case to the trial court for resentencing:

> The judge did not analyze the reasonableness of the sentence recommendation; nor mention that he was imposing a term of years in a range one degree lower than the crime for which defendant was convicted. Such a discussion is required pursuant to N.J.S.A. 2C:44-1(f)(2). Thus, we vacate and remand for a resentence that include[s] the statutorily mandated analysis.
>
> Additionally, $12,000 in restitution was ordered without a discussion. A hearing as to that aspect of the sentence should be conducted . . . The judge shall consider the criteria found in N.J.S.A. 2C:44-2.
>
> On remand, the trial court shall also include the proper number of jail credits (Rule 3:21-8) and/or gap-time credits, (N.J.S.A. 2C:44-5(b)(2)), as agreed to by the State and the defendant in accordance with the

annexed consent form. See State v. Hernandez, 208 N.J. 24 (2011); State v. Franklin, 175 N.J. 456 (2003).

The same judge conducted the resentencing on October 23, 2020. The State requested the same aggravating factors and asked the court to impose the same sentence including restitution. Defendant consented to the amount of restitution and, pursuant to N.J.S.A. 2C:44-1(a), asked the court to find mitigating factors six (defendant has compensated or will compensate the victim of the defendant's conduct for the damage or injury that the victim sustained, or will participate in a program of community service); eight (defendant's conduct was the result of circumstances unlikely to recur); and nine (the character and attitude of defendant indicate he is unlikely to commit another offense).

The judge found aggravating factor three and assigned light weight, because defendant had "prior contact with the criminal justice system." He also found aggravating factor nine because

> [t]here [is] always a need to deter the general public and a specific need to deter in this case. . . . [Defendant] has had prior contacts with the system and was sentenced accordingly in those cases but that did not deter him. Therefore, there was at the time of sentencing and continues to be a need to deter.

He did not ascribe any particular weight to this factor. He also found mitigating factors six, eight and nine but did not assign weight to these. He

found the mitigating factors substantially outweighed the aggravating factors and "compelling interests separate from these factors that demand a downward departure in the interest of justice." Specifically, the judge "considered the nature of the crime, the need for punishment, the presentence report, the arguments of counsel, the letter and letters submitted on behalf of the victim" and again found "that the plea agreement is fair and in the interest of justice and reasonable." Defendant was resentenced to the previous terms of imprisonment, fines and fees, and the agreed-on amount of restitution.

On June 9, 2021, defendant file a pro se petition for PCR, which was dismissed without prejudice for lack of prosecution, reinstated and again dismissed without prejudice. Defendant then refiled the petition, followed by an amended verified petition.

Defendant's petition was premised on ineffective assistance of counsel, based in part on counsel's failure to argue mitigating factors during the first sentencing and failure to provide mitigating evidence that defendant told Richardson the heroin was too strong and needed to be "cut." The State argued the first point was rendered moot by the resentencing and defendant's characterization of the mitigating evidence "would induce even more

culpability" because it showed defendant knew the dangerousness of the heroin when he sold it to Richardson.

On November 10, 2022, the PCR judge heard argument on the petition. On December 6, 2022, the judge issued a written decision finding defendant's ineffective assistance of counsel claims were "unsupported and without merit," and entered an order denying the petition without a hearing.

The PCR judge found counsel was not deficient:

> Defendant pled guilty to two counts of the indictment and does not raise any issues concerning his guilty plea. He is solely focused on his sentencing and resentencing. Defendant has failed to establish that he was prejudiced by ineffective assistance of counsel.
>
> Defendant answered "yes" on his plea form . . . that he was satisfied with the advice he received from his lawyer. Similarly, at his guilty plea hearing, [d]efendant answered "yes" to the question if he was satisfied with counsel's services as his . . . attorney.
>
> When given the opportunity, [d]efendant said nothing at both sentencings about any "mitigating" information concerning his warning to Richardson that the heroin he sold to him needed to be cut. At the initial sentencing, he blamed the death on Richardson, but did not say why, except to point out that Richardson, not him, provided the heroin to the victim. At the re-sentencing, he had nothing to say.
>
> Defense counsel did not offer any mitigating factors at the original sentencing but did ask for sentencing in accordance with the plea agreement. The

A-1705-22

plea agreement, which called for a much lesser sentence, including a step-down to a second-degree offense, was fair and reasonable. The sentence itself was upheld on direct appeal.

At the resentencing, defense counsel offered mitigating factors but did not argue for a lower sentence. Defense counsel again asked that the court sentence [d]efendant in accordance with the plea agreement, which was a downward departure from first-degree to second-degree for count one.

The judge rejected defendant's contention he was entitled to a more vigorous argument by counsel for a lower sentence. Defendant's exposure for the drug-induced death was ten to twenty years, and for the terroristic threats was three to five years. The judge noted counsel "had very few options for defending" the case because the State's proofs were "very strong" and it "was not a case with likely favorable prospects of an acquittal." He found the sentences could "easily" have run consecutively because they involved different victims and dates of offense, but defense counsel was able to secure a plea agreement limiting the sentence to a total term of eight years and dismissal of the other counts.

The judge also rejected defendant's argument that counsel was ineffective because he did not present as mitigating evidence defendant's warning to

9

Richardson the heroin was strong and needed to be cut. He found "a more accurate and compelling way to view this argument" was the opposite:

> The fact that [d]efendant admittedly knew that he was distributing very potent heroin increases his culpability and calls for his assertion to be considered against him. If the heroin was too strong, he should not have sold it that way. Defendant himself assumed the risks of distributing heroin that was overly dangerous. The sentencing judge could have used this information to find additional aggravating factors at sentencing.

Thus, the judge found the purported mitigating information "was an argument wisely avoided by counsel. The strategy he used—not mentioning this at sentencing—reflected reasonable and sound professional judgment."

In sum, the PCR judge found defendant failed to show any specific errors by counsel that undermined the reliability of the sentencing or resentencing. Because defendant failed to make a showing of "any prima facie case of inadequate assistance of counsel," the judge concluded he was not entitled to an evidentiary hearing.

This appeal follows, wherein defendant raises the following points:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT ARGUING FOR A LOWER SENTENCE AND FAILING TO INFORM THE SENTENCING COURT THAT DEFENDANT WARNED RICHARDSON THAT THE HEROIN NEEDED TO BE CUT.

10

POINT II

THE COURT ERRED IN FINDING THAT THE CLAIMS OF INEFFECTIVE ASSISTANCE DID NOT PREJUDICE DEFENDANT AND WOULD NOT HAVE CHANGED THE RESULT OF THE SENTENCE.

We are unpersuaded by defendant's contentions and affirm.

II.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 419 (2004) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Ibid. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). First, a defendant must show that "counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel'

11

guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the <u>Strickland</u> test, "the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Ibid.</u>

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (1999). "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" <u>State v. Jones</u>, 219 N.J. 298, 312 (2014) (citations omitted) (quoting <u>State v. Porter</u>, 216 N.J. 343, 355 (2013)). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) (citations omitted); <u>see</u> <u>R.</u> 3:22-10(e)(1)-(2).

Guided by these standards, we find the PCR court did not err in denying defendant's petition. We address defendant's arguments in turn.

First, defendant argues counsel was ineffective for failing to argue for a lower sentence and not informing the court defendant told Richardson the heroin

was too strong and needed to be cut. As the PCR judge found, counsel's representation did not fall below an objective standard of reasonableness. Defendant was facing more than twenty years in prison with consecutive prison terms. Counsel negotiated an extremely favorable plea in which defendant pleaded guilty to a first-degree offense but the State recommended a sentence in the middle of the range for a second-degree offense, to run concurrent with the three years for terroristic threats.

In order to sentence defendant in the second-degree range, the court was required to find by clear and convincing evidence the mitigating factors substantially outweighed the aggravating factors, and the interests of justice demanded the downward adjustment. N.J.S.A. 2C:44-1(f)(2). Although the judge did not make this determination at the initial sentencing, on remand defense counsel argued persuasively for the judge to find the three mitigating factors and make the requisite findings to support the imposition of the sentence anticipated in the plea agreement.

Defendant also contends counsel erred by not arguing as mitigation defendant's warning to Richardson the heroin was too strong and needed to be cut. However, we agree with the PCR judge this information only further established defendant's culpability for the drug-induced death because it

14

demonstrated he was aware of the dangerousness of the heroin, did not cut it himself, and only passed the information along to Richardson. Thus, counsel's tactical decision not to raise this issue in mitigation fell within the range of sound trial strategy.

In all, nothing about counsel's performance was so substandard that it deprived defendant of his Sixth Amendment right to counsel and accordingly, defendant did not meet his burden under the first prong of Strickland. He also fell short of establishing the second prong of Strickland by failing to demonstrate the result of the proceeding would have been different. Defendant had already benefitted from a favorable plea agreement, and his contention he would have received an even shorter sentence is conclusory and speculative. Because defendant failed to meet either prong on any of his claims, the PCR judge did not err in denying a hearing.

To the extent we have not expressly addressed any issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1705-22